UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

STEVEN H. HALL,

    Plaintiff,

    v.

CHAD F. WOLF, Acting Secretary,
Department of Homeland Security,

    Defendant.

Civil Action No. 19-2440 (JEB)

**MEMORANDUM OPINION**

*Pro se* Plaintiff Steven H. Hall is back once again complaining of his treatment by the Department of Homeland Security, which fired him in 2013, thereby precipitating a torrent of litigation and, ultimately, a pre-filing injunction from this Court. Although the current suit arguably does not relate to his termination, it concerns claims that are, just like in a previous case, barred by the doctrine of judicial estoppel. Dismissal thus results.

**I.    Background**

The Court will not rehash yet again the underlying facts of this case. Interested readers may turn to one of the myriad Opinions the Court has issued. See, e.g., Hall v. McAleenan, No. 19-1013, 2019 WL 4889275, at *1 (D.D.C. Oct. 3, 2019); Hall v. Nielsen, No. 18-461, 2019 WL 1116911, at *1–2 (D.D.C. Mar. 11, 2019). Suffice it to say that in this suit, Hall alleges:

> On July 18, 2017, Plaintiff arrived at the Coast Guard Headquarters (CGH) for a job interview. On October 2, 2017, Plaintiff arrived at Coast Guard Headquarters for job orientation and was denied entrance on the campus facilities. On October 19, 2017, CGH HR Civilian Personnel verbally informed Plaintiff that his tentative job offer maybe rescinded. On October 28, 2017, Plaintiff was

1

> officially notified via email that the tentative job offer was rescinded
> based on [a] discriminatory Do Not Admit order.

ECF No. 1 (Complaint) at 4. Such actions purportedly constituted employment discrimination, disability discrimination, sex discrimination, retaliation, defamation, collusion, perjury, obstruction of justice, abuse of legal authority, and a violation of "Rules of Professional Misconduct." Id. at 5–8. Defendants now move to dismiss.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of an action where a complaint fails to "state a claim upon which relief can be granted." Although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The Court "must treat the complaint's factual allegations as true and must grant [the] plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000) (citation omitted) (quoting Schuler v. United States, 617 F.2d 605, 608 (D.C. Cir. 1979)). It need not accept as true, however, "a legal conclusion couched as a factual allegation" or an inference unsupported by the facts set forth in the Complaint. Trudeau v. FTC, 456 F.3d 178, 193 (D.C. Cir. 2006) (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

## III.    Analysis

Given Plaintiff's filing of multiple duplicative suits, this Court ultimately granted a pre-filing injunction, which barred him from filing, without leave of this Court, any action "regarding his termination from DHS." See Hall v. McAleenan, No. 18-461, ECF No. 61 at 1. Since the Coast Guard's 2017 refusal to hire Hall derived from that 2013 termination, it is

2

arguable that this suit is barred. In addition, the doctrine of claim-splitting could block Hall's way since he previously brought another suit, recently dismissed by this Court, that alleged some of these same claims in relation to his October 2017 employment denial. See Hall, No. 19-1013, ECF No. 1-1 (Do Not Admit (DNA) List Case Complaint) at 8; Hudson v. Am. Fed. of Gov't Emps., 308 F. Supp. 3d 388, 394 (D.D.C. 2018) (explaining claim-splitting).

In any event, as the Government argues, the doctrine of judicial estoppel provides a full defense here, as the Court recently explained in another of Hall's cases. Just as there, Plaintiff here seeks to raise claims that occurred prior to December 2017, the date of his bankruptcy petition, and they are barred as a result. In the prior case, the Court set forth the doctrine and applied it to the facts. As the analysis here is exactly the same, a lengthy quotation from the prior Opinion should do the job:

> The D.C. Circuit has instructed that "[t]here are at least three questions that a court should answer in deciding whether to apply judicial estoppel: (1) Is a party's later position clearly inconsistent with its earlier position? (2) Has the party succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled? (3) Will the party seeking to assert an inconsistent position derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped?" [Moses v. Howard Univ. Hosp., 606 F.3d 789, 798 (D.C. Cir. 2010).]
>
> Here, Hall checks all three boxes. First, he filed a bankruptcy petition in the Bankruptcy Court for the District of Maryland on December 17, 2017, and therein averred that he had no "legal or equitable interest" in any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." MTD, Exh. 1 (Bankruptcy Filings) at 14. Yet, he now alleges certain claims that were extant at the time he filed. Second, his bankruptcy was confirmed, which may not have happened had he listed such claims. Third, he would derive the unfair advantage that any amount he looks to recover here would properly be due his creditors, who have now been discharged.

> As the D.C. Circuit has explained, "The federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." Robinson v. Dist. of Columbia, 10 F. Supp. 3d 181, 185 (D.D.C. 2014) (internal quotation marks and citation omitted). And this holding applies to employment-discrimination claims. Davis v. Dist. of Columbia, 925 F.3d 1240, 1255–57 (D.C. Cir. 2019).

Hall, 2019 WL 4889275, at *4.

As a result, Hall can no more go forward here than he could in the previous case.

## IV. Conclusion

The Court, accordingly, will issue a contemporaneous Order dismissing this action.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date: December 17, 2019